UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID C. LETTIERI,

                              Plaintiff,

                                                              3:24-CV-0156
v.                                                            (LEK/ML)

BROOME CNTY. SHERIFFS; LEON
BROWN, Detective; DAVID GASKA;
and JENELLE BRIENGAL,

                              Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

DAVID C. LETTIERI
  Plaintiff, *Pro Se*
Niagara County Jail
5526 Niagara Street Ex.
Lockport, New York 149094


MIROSLAV LOVRIC, United States Magistrate Judge


## ORDER and REPORT-RECOMMENDATION

## I.     BACKGROUND

### A.     Procedural History

Plaintiff David C. Lettieri ("Plaintiff") commenced this civil rights action *pro se* on January 31, 2024, on a form complaint alleging that his rights were violated by Defendants Broome County Sheriffs, Leon Brown, David Gaska, and Jenelle Briengal (collectively "Defendants"). (Dkt. No. 1.)  Plaintiff did not pay the filing fee for this action and seeks leave to proceed *in forma pauperis* ("IFP").  (Dkt. Nos. 2, 3.)

### B.        Complaint

Construed as liberally[1] as possible, Plaintiff's Complaint appears to allege that in November 2020, Defendants "filed a false charge in order to try to take property that was stolen."  (Dkt. No. 1 at 5.)  Based on these factual allegations, Plaintiff appears to assert the following three claims: (1) a claim that his due process rights were violated; (2) a claim of false arrest; and (3) a claim of unlawful seizure.  (*Id.* at 3.)   As relief, Plaintiff seeks $1,000,000,000 in damages and to have criminal charges expunged from his record.  (*Id.* at 5.)

Plaintiff seeks leave to proceed IFP.  (Dkt. No. 2.)

## II.    PLAINTIFF'S APPLICATION TO PROCEED IFP

Where a plaintiff seeks leave to proceed IFP, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the Court's filing fee of four hundred and five dollars ($405.00). The Court must also determine whether the "three strikes" provision of 28 U.S.C. § 1915(g) ("Section 1915(g)") bars the plaintiff from proceeding IFP and without prepayment of the filing fee.  More specifically, Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

28 U.S.C. § 1915(g).  If the plaintiff is indigent and not barred by Section 1915(g), the Court must consider the sufficiency of the claims stated in the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

In this case, Plaintiff has failed to demonstrate economic need through his IFP application, because he failed to answer questions numbered 2 through 6 on the prisoner IFP application.  (Dkt. No. 2 at ¶¶ 2-6.)  As a result, the undersigned could deny Plaintiff's IFP application without prejudice on this basis alone.  However, as will be discussed below, because Plaintiff has three strikes and his Complaint does not allege that he was in imminent danger at the time of filing, his IFP application is denied with prejudice.

Plaintiff has filed the inmate authorization form required in the Northern District of New York.  (Dkt. No. 3.)  Thus, the Court must determine whether the "three strikes" rule of Section 1915(g) bars Plaintiff from proceeding with this action IFP.

## A.    Determination of "Strikes"

Plaintiff is a frequent litigator, having commenced, in addition to this action, at least eighty-six civil actions in the federal district courts since 2022.  *See* PACER Case Locator <https://pcl.uscourts.gov/pcl/pages/search/findParty.jsf> (last visited March 13, 2024).  The following is a list of those actions: (1) *Lettieri v. Facebook*, No. 23-CV-6554 (N.D. Cal. filed Dec. 20, 2023); (2) *Lettieri v. Fed. Bureau of Investigation*, No. 23-CV-1099 (N.D.N.Y. filed Aug. 30, 2023); (3) *Lettieri v. Northeast Ohio Corr. Cent.*, No. 23-CV-1136 (N.D.N.Y. filed Sept. 5, 2023);[2] (4) *Lettieri v. Dep't of Justice*, No. 23-CV-1272 (N.D.N.Y. filed Oct. 12, 2023);[3]

---

[2]    This case was transferred to the district court for the Northern District of Ohio, where it was assigned case number 23-CV-2172 (N.D. Ohio filed Nov. 7, 2023).

[3]    This case was transferred to to the district court for the Western District of New York, where it was assigned case number 24-CV-0095 (W.D.N.Y. filed Jan. 25, 2024).

(5) *Lettieri v. Garver*, No. 23-CV-1421 (N.D.N.Y. filed Nov. 15, 2023);[4] (6) *Lettieri v. Brigueal*, No. 23-CV-1597 (N.D.N.Y. filed Dec. 18, 2023); (7) *Lettieri v. Fed. Bureau of Investigation*, No. 23-CV-0309 (W.D.N.Y. filed Apr. 6, 2023); (8) *Lettieri v. Fed. Bureau of Investigation*, No. 23-CV-0318 (W.D.N.Y. filed Apr. 10, 2023); (9) *Lettieri v. United States Fed. Marshals*, No. 23-CV-0246 (W.D.N.Y. filed Mar. 20, 2023); (10) *Lettieri v. Fed. Marshals*, No. 23-CV-0359 (W.D.N.Y. filed Apr. 24, 2023); (11) *Lettieri v. Auricchio*, No. 23-CV-0441 (W.D.N.Y. filed May 17, 2023); (12) *Lettieri v. Fed. Bureau of Investigation*, No. 23-CV-0442 (W.D.N.Y. filed May 17, 2023); (13) *Lettieri v. Fed. Bureau of Investigation*, No. 23-CV-0471 (W.D.N.Y. filed May 30, 2023); (14) *Lettieri v. Daniels*, No. 23-CV-0487 (W.D.N.Y. filed June 5, 2023); (15) *Lettieri v. Fed. Bureau of Investigation*, No. 23-CV-0503 (W.D.N.Y. filed June 7, 2023); (16) *Lettieri v. Univ. of Rochester*, No. 23-CV-0504 (W.D.N.Y. filed June 7, 2023); (17) *Lettieri v. Town of Colesville*, No. 23-CV-0519 (W.D.N.Y. filed June 9, 2023); (18) *Lettieri v. Dep't of Justice*, No. 23-CV-0517 (W.D.N.Y. filed June 9, 2023); (19) *Lettieri v. New York State Police*, No. 23-CV-0518 (W.D.N.Y. filed June 9, 2023);[5] (20) *Lettieri v. Fed. Bureau of Investigation*, No. 23-CV-0679 (W.D.N.Y. filed July 12, 2023); (21) *Lettieri v. Dep't of Justice*, No. 23-CV-0697 (W.D.N.Y. filed July 14, 2023); (22) *Lettieri v. Dep't of Justice*, No. 23-CV-0698 (W.D.N.Y. filed July 14, 2023); (23) *Lettieri v. Dep't of Justice*, No. 23-CV-0699 (W.D.N.Y. filed July 14, 2023); (24) *Lettieri v. Dep't of Justice*, No. 23-CV-0696 (W.D.N.Y. filed July 14, 2023); (25) *Lettieri v. Dep't of Justic* [sic], No. 23-CV-0695 (W.D.N.Y. filed July 14, 2023); (26) *Lettieri v. Fed. Bureau of Investigation*, No. 23-CV-0708 (W.D.N.Y. filed July 17, 2023);

---

[4]     This case was transferred to the district court for the Western District of New York, where it was assigned case number 23-CV-1279 (W.D.N.Y. filed Dec. 8, 2023).

[5]     This case was transferred to the district court for the Northern District of New York, where it was assigned case number 23-CV-1547 (N.D.N.Y. filed Dec. 11, 2023).

(27) *Lettieri v. Dep't of Justice*, No. 23-CV-0704 (W.D.N.Y. filed July 17, 2023); (28) *Lettieri v. Dep't of Justice*, No. 23-CV-0707 (W.D.N.Y. filed July 17, 2023); (29) *Lettieri v. Dep't of Justice*, No. 23-CV-0705 (W.D.N.Y. filed July 17, 2023); (30) *Lettieri v. Fed. Bureau of Investigation*, No. 23-CV-0706 (W.D.N.Y. filed July 17, 2023); (31) *Lettieri v. Dep't of Justice*, No. 23-CV-0721 (W.D.N.Y. filed July 19, 2023); (32) *Lettieri v. Dep't of Justice*, No. 23-CV-0722 (W.D.N.Y. filed July 19, 2023); (33) *Lettieri v. Broome Cnty. Humane Soc'y*, No. 23-CV-0747 (W.D.N.Y. filed July 26, 2023); (34) *Lettieri v. Dep't of Justice*, No. 23-CV-0749 (W.D.N.Y. filed July 26, 2023); (35) *Lettieri v. Fed. Public Def.*, No. 23-CV-0748 (W.D.N.Y. filed July 26, 2023); (36) *Lettieri v. Suffolk Cnty. Police*, No. 23-CV-0757 (W.D.N.Y. filed July 27, 2023); (37) *Lettieri v. Dep't of Justice*, No. 23-CV-0762 (W.D.N.Y. filed July 28, 2023); (38) *Lettieri v. Dep't of Justice*, No. 23-CV-0771 (W.D.N.Y. filed July 31, 2023); (39) *Lettieri v. Dep't of Justice*, No. 23-CV-0774 (W.D.N.Y. filed Aug. 1, 2023); (40) *Lettieri v. W. Dist. of New York*, No. 23-CV-0770 (W.D.N.Y. filed July 31, 2023); (41) *Lettieri v. Dep't of Justice*, No. 23-CV-0788 (W.D.N.Y. filed Aug. 4, 2023); (42) *Lettieri v. Daniels*, No. 23-CV-0867 (W.D.N.Y. filed Aug. 21, 2023); (43) *Lettieri v. Dep't of Justice*, No. 23-CV-0865 (W.D.N.Y. filed Aug. 21, 2023); (44) *Lettieri v. Dep't of Justice*, No. 23-CV-0866 (W.D.N.Y. filed Aug. 21, 2023); (45) *Lettieri v. Auricchio*, No. 23-CV-0875 (W.D.N.Y. filed Aug. 22, 2023); (46) *Lettieri v. Vilardo*, No. 23-CV-6498 (W.D.N.Y. filed Aug. 28, 2023); (47) *Lettieri v. Four in One*, No. 23-CV-0898 (W.D.N.Y. filed Aug. 28, 2023);[6] (48) *Lettieri v. Dep't of Justice*, No. 23-CV-0897 (W.D.N.Y. filed Aug. 28, 2023); (49) *Lettieri v. Olivett Prods.*, No. 23-CV-0906 (W.D.N.Y.

---

[6]     This case was transferred to the district court for the Northern District of Ohio, where it was assigned case number 23-CV-1661 (N.D. Ohio filed Aug. 25, 2023).

filed Aug. 30, 2023);[7] (50) *Lettieri v. Reynolds*, No. 23-CV-0925 (W.D.N.Y. filed Sept. 1, 2023);

(51) *Lettieri v. Bonanno*, No. 23-CV-1081 (W.D.N.Y. filed Oct. 6, 2023); (52) *Lettieri v. Post*

*Consumer Brands*, No. 23-CV-1080 (W.D.N.Y. filed Oct. 6, 2023); (53) *Lettieri v. Powell*, No.

23-CV-1082 (W.D.N.Y. Oct. 6, 2023); (54) *Lettieri v. Aurrichio*, No. 23-CV-1121 (W.D.N.Y.

Oct. 25, 2023); (55) *Lettieri v. Hockwater*, No. 23-CV-1123 (W.D.N.Y. Oct. 25, 2023); (56)

*Lettieri v. City of Binghamton*, No. 23-CV-1122 (W.D.N.Y. filed Oct. 25, 2023); (57) *Lettieri v.*

*The Broome Cnty. Humane*, No. 23-CV-1223 (W.D.N.Y. filed Nov. 22, 2023); (58) *Lettieri v.*

*Keefe Grp.*, No. 23-CV-1224 (W.D.N.Y. filed Nov. 22, 2023); (59) *Lettieri v. City of*

*Binghamton*, No. 23-CV-1243 (W.D.N.Y. filed Nov. 29, 2023); (60) *Lettieri v. Broome Cnty.*

*Humane Soc'y*, No. 23-CV-1268 (W.D.N.Y. filed Dec. 7, 2023); (61) *Lettieri v. Broome Cnty.*

*Humane Soc'y*, No. 23-CV-1270 (W.D.N.Y. filed Dec. 7, 2023); (62) *Lettieri v. Wyoming Cnty.*

*Sheriffs*, No. 23-CV-1303 (W.D.N.Y. filed Dec. 18, 2023); (63) *Lettieri v. Fed. Marshals*, No.

23-CV-1305 (W.D.N.Y. filed Dec. 20, 2023); (64) *Lettieri v. Gunnip*, No. 23-CV-1306

(W.D.N.Y. filed Dec. 20, 2023); (65) *Lettieri v. Vilando*, No. 23-CV-1660 (N.D. Ohio filed Aug.

25, 2023);[8] (66) *Lettieri v. Vilando*, No. 23-CV-1686 (N.D. Ohio filed Aug. 29, 2023);[9] (67)

*Lettieri v. Northeast Ohio Corr. Ctr.*, No. 23-CV-1690 (N.D. Ohio filed Aug. 29, 2023); (68)

*Lettieri v. Fed. Marshals*, No. 23-CV-1872 (N.D. Ohio filed Sept. 26, 2023); (69) *Lettieri v. New*

*York State Troopers*, No. 23-CV-2077 (N.D. Ohio filed Oct. 23, 2023); (70) *Lettieri v. Fed.*

---

[7]      This case was transferred to the district court for the Northern District of Ohio, where it was assigned case number 23-CV-2028 (N.D. Ohio filed Oct. 16, 2023).

[8]      This case was transferred to the district court for the Western District of New York, where it was assigned case number 23-CV-6682 (W.D.N.Y. filed Dec. 1, 2023).

[9]      This case was transferred to the district court for the Western District of New York, where it was assigned case number 23-CV-6704 (W.D.N.Y. filed Dec. 11, 2023).

*Marshals*, No. 23-CV-2167 (N.D. Ohio filed Nov. 6, 2023); (71) *Lettieri v. Fed. Marshals*, No.

23-CV-2202 (N.D. Ohio filed Nov. 30, 2023); (72) *Lettieri v. Northeast Ohio Corr. Ctr.*, No. 24-

CV-0032 (N.D. Ohio filed Jan. 5, 2024); (73) *Lettieri v. Performance Food Grp.*, No. 24-CV-

0053 (E.D. Va. filed Jan. 18, 2024); (74) *Lettieri v. Fed. Marshals*, No. 23-CV-3317 (D.D.C.

filed Nov. 2, 2023); (75) *Lettieri v. The Broome Cnty. Humane Soc'y*, No. 23-CV-7777

(E.D.N.Y. filed Oct. 10, 2023); (76) *Lettieri v. Quinn*, No. 23-CV-7830 (E.D.N.Y. filed Oct. 16,

2023); (77) *Lettieri v. T-Mobile*, No. 24-CV-0028 (W.D. Wash. filed Jan. 4, 2024); (78) *Lettieri

v. Santander*, No. 24-CV-10361 (D. Mass. filed Feb. 15, 204); (79) *Lettieri v. Securus

Technologies*, No. 24-CV-0270 (N.D. Tex. filed Jan. 29, 2024); (80) *Lettieri v. Facebook*, No.

24-CV-0873 (N.D. Cal. filed Feb. 14, 2024); (81) *Lettieri v. Federal Marshals*, No. 24-CV-0261

(D.D.C. filed Jan. 26, 2024); (82) *Lettieri v. Hugnet*, No. 24-CV-0248 (D. Md. filed Jan. 24,

2024); (83) *Lettieri v. TD Bank*, No. 24-CV-0832 (D.N.J. filed Feb. 13, 2024); (84) *Lettieri v.

Gaska*, No. 24-CV-0102 (N.D.N.Y. filed Jan. 22, 2024); (85) *Lettieri v. City of Binghamton*, No.

24-CV-0074 (N.D.N.Y. filed Jan 17, 2024); and (86) *Lettieri v. Vestal Police*, No. 24-CV-0198

(N.D.N.Y. filed Feb. 9, 2024).[10]

Upon review of these actions, and consistent with the determinations reached by the

Honorable Hector Gonzalez in *Lettieri v. Broome Cnty. Humane Soc'y*, 20-CV-7777, 23-CV-

7830, 2023 WL 7017081, at *2 (E.D.N.Y. Oct. 25, 2023), *denying recons.*, 2023 WL 8003478,

(E.D.N.Y. Nov. 17, 2023), and the Honorable Lawrence J. Vilardo in *Lettieri v. Broome Cnty.*

---

[10]     On January 26, 2024, the undersigned issued an Order and Report-Recommendation to
Senior United States District Judge Thomas J. McAvoy which, *inter alia*, recommended that the
matter be referred to Chief Judge Brenda K. Sannes to issue a pre-filing injunction permanently
enjoining Plaintiff from filing any other *pro se* actions in this District without leave of the Chief
Judge.  (*Lettieri v. City of Binghamton*, No. 24-CV-0074 (TJM/ML) (N.D.N.Y. filed January 17,
2024), Dkt. No. 4 at 9-13.)

*Humane Soc'y*, 23-CV-1223, 2023 WL 9066861, at *2 (W.D.N.Y. Dec. 4, 2023), and *Lettieri v. Auricchio*, 23-CV-1121, 2023 WL 9066873, at *2 (W.D.N.Y. Dec. 4, 2023), this Court finds that, as of the date that Plaintiff commenced this action, he had acquired at least three "strikes."[11] As a result, Plaintiff's IFP Application must be denied unless it appears that the "imminent danger" exception to the "three strikes" rule set forth in Section 1915(g) is applicable to this action.[12]

### B.    Applicability of the "Imminent Danger" Exception

The "imminent danger" exception protects a prison inmate exposed to potential serious physical injury from the consequences of his earlier mistakes in filing frivolous litigation.

---

[11]    The actions in which Plaintiff acquired strikes are as follows: (1) *Lettieri v. W. Dist. of N.Y.*, 23-CV-0770 (W.D.N.Y. Sept. 11, 2023), Dkt. No. 7; (2) *Lettieri v. U.S. Dep't of Justice*, 23-CV-0866 (W.D.N.Y. Sept. 19, 2023), Dkt. No. 3; and (3) *Lettieri v. Vilardo*, 23-CV-6498 (W.D.N.Y. Sept. 21, 2023), Dkt. No. 3.

[12]    Before the Complaint in this action was filed, Plaintiff had been informed several times that he had accumulated three strikes. *See, e.g., Lettieri v. Bonanno*, 23-CV-6515, 2023 WL 9184676, at *1 n.4 (W.D.N.Y. Dec. 18, 2023) ("Following the filing of this action, this Court found Plaintiff had garnered three strikes under 28 U.S.C. § 1915(g), and, therefore, could not proceed IFP without showing that he is under "imminent danger of serious physical injury."); *Lettieri v Bonanno*, 23-CV-1081, 2023 WL 9421209, at *2 (W.D.N.Y. Dec. 4, 2023) (internal citations omitted) ("The three strikes rule squarely applies here.  In addition to this case, [Plaintiff] has filed more than 50 actions in this Court in the past year.  At least three of those cases were dismissed because the defendants were immune from suit . . . . [Thus,] Lettieri has accumulated three strikes under 28 U.S.C. § 1915(g)."); *Lettieri v. Auricchio*, 23-CV-1121, 2023 WL 9066873, at *2 (W.D.N.Y. Dec. 4, 2023) (same); *Lettieri v. Broome Cnty. Humane Soc'y*, 23-CV-1223, 2023 WL 9066861, at *2 (W.D.N.Y. Dec. 4, 2023) (same); *Lettieri v. Broome Cnty. Humane Soc'y*, 23-CV-7777, 23-CV-7830, 2023 WL 8003478, at *1 (E.D.N.Y. Nov. 17, 2023) ("Plaintiff incorrectly argues that the prison mailbox rule means that each of these two cases was deemed filed before he received the third dismissal relied upon by the Court to invoke the three-strikes rule."); *Lettieri v. Broome Cnty. Humane Soc'y*, 23-CV-7777, 23-CV-7830, 2023 WL 7017081, at *2 (E.D.N.Y. Oct. 25, 2023) ("Plaintiff falls within this prohibition because at least three of the cases that he has filed in the Western District on an *in forma pauperis* basis were dismissed *sua sponte* for failure to state a claim.").  Notwithstanding this information, Plaintiff falsely represented in the Complaint that he had not accumulated three strikes before the commencement of this action.  (Dkt. No. 1 at 8.)

Generally speaking, the allegations relevant to this inquiry "are those in which [plaintiff] describes physical injury, threats of violence, and deprivation of medical treatment." *Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010). The Second Circuit has described the nature of the Court's inquiry regarding imminent danger as follows: "although the feared physical injury must be serious, we should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question, while [s]eparate PLRA provisions are directed at screening out meritless suits early on." *Chavis*, 618 F.3d at 169-70 (*quoting Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)) (internal quotation marks omitted).

"[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint – in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); *see also Polanco v. Hopkins*, 510 F.3d 152 (2d Cir. 2007); *Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018). However, "allegations of past violence can satisfy the imminent danger exception when, for example, the past harms are part of an ongoing pattern of acts." *Carter v. New York State*, 20-CV-5955, 2020 WL 4700902, at *1 (S.D.N.Y. Aug. 12, 2020) (citing *Chavis*, 618 F.3d at 170 (holding that "[a]n allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception.")).

In addition, "§ 1915(g) allows a three-strikes litigant to proceed [IFP] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus*, 554 F.3d at 296. In deciding whether such a nexus exists, the Second Circuit

has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99.

In this case, the Complaint alleges that over three years before filing this action, Defendants brought false charges against him. (Dkt. No. 1 at 5.) These allegations fail to plausibly suggest that Plaintiff was "under imminent danger of serious physical injury" when he signed his complaint on January 9, 2023. (Dkt. No. 1 at 11.) Therefore, Plaintiff is barred from proceeding IFP under Section 1915.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **DENIED**; and it is further respectfully

**RECOMMENDED** that should Plaintiff wish to proceed with this action, he be required to pay the $405.00 filing and administrative fees **within thirty (30) days** from the filing of an Order by the assigned District Judge adopting this Order and Report-Recommendation. It is recommended that should Plaintiff fail to pay the full filing and administrative fees **within thirty (30) days** of the date of such an order, the case be dismissed without prejudice and without further order of the Court; and it is further respectfully

**ORDERED** that the Clerk of the Court shall file a copy of this order and report-recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[13]

---

[13]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[14]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).


Dated: March 14, 2024
        Binghamton, New York


Miroslav Lovric
U.S. Magistrate Judge

---

[14]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

KeyCite Blue Flag – Appeal Notification

Appeal Filed by  Lettieri v. Bonanno,  2nd Cir.,  January 26, 2024

2023 WL 9421209

Only the Westlaw citation is currently available.

United States District Court, W.D. New York.

David C. LETTIERI, Plaintiff,

v.

Paul E. BONANNO, Defendant.

23-CV-1081-LJV

|

Signed December 4, 2023

**Attorneys and Law Firms**

David C. Lettieri, Lockport, NY, Pro Se.

ORDER

LAWRENCE J. VILARDO, UNITED STATES DISTRICT JUDGE

**\*1**  The *pro se* plaintiff, David C. Lettieri, was a prisoner incarcerated at the Niagara County Jail when he commenced this action under  42 U.S.C. § 1983. Docket Item 1. He alleges that Assistant United States Attorney Paul E. Bonanno violated his right to due process and engaged in malicious prosecution during the federal criminal prosecution that resulted in Lettieri's conviction. [1]  *Id.* at 5, 8.

Lettieri has moved to proceed *in forma pauperis* ("IFP") under  28 U.S.C. § 1915(a)- (b). He also filed motions for an immediate trial, Docket Item 3, and to add a defendant, Docket Item 4. For the reasons that follow, Lettieri's motion to proceed IFP is denied, and his other motions are denied as well. Therefore, his complaint will be dismissed without prejudice unless he pays the required $402.00 filing and administrative fees. [2]

**LEGAL PRINCIPLES**

Under  28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, a prisoner who cannot afford to pay court filing fees may proceed IFP and repay the fees according to a "structured payment plan."  *Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010);  28 U.S.C. § 1915(a)- (b). But certain prisoners—"so-called 'frequent filers' "—are barred from filing IFP.  *Chavis*, 618 F.3d at 167. The statute defines such litigants as those who have,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

 28 U.S.C. § 1915(g).

Courts refer to this provision as the "three strikes rule." *Malik v. McGinnis*, 293 F.3d 559, 560 (2d Cir. 2002). Claims dismissed because of judicial or prosecutorial immunity are "frivolous" and therefore "strikes" under  28 U.S.C. § 1915(g). See  *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (judicial immunity); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (prosecutorial immunity). Likewise, any dismissal for failure to state a claim is a "strike" regardless of whether the dismissal was with or without prejudice. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

**\*2**  A prisoner who has accumulated "three strikes" may proceed IFP only if the complaint alleges that "the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). A danger that has "dissipated by the time [the] complaint is filed" is not "imminent." *Abreu v. Brown*, 317 F. Supp. 3d 702, 704 (W.D.N.Y. 2018) (quoting  *Chavis*, 618 F.3d at 169); *see Malik*, 293 F.3d at 563 (holding that "by using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred" (alteration omitted)). So to be entitled to the exception, the prisoner must adequately allege a danger

that "exist[s] at the time the complaint is filed." *Malik*, 293 F.3d at 563.

## DISCUSSION

The three strikes rule squarely applies here. In addition to this case, Lettieri has filed more than 50 actions in this Court in the past year. *See Lettieri v. Dep't of Just.*, Case. No. 23-cv-865, Docket Item 3, at 1 n.1 (W.D.N.Y. Oct. 19, 2023). At least three of those cases were dismissed because the defendants were immune from suit. *See Lettieri v. Vilardo*, Case No. 23-cv-6498, Docket Item 3 (W.D.N.Y. Sept. 21, 2023) (dismissing complaint due to judicial immunity); *Lettieri v. Western Dist. of New York*, Case No. 23-cv-770, Docket Item 7 (W.D.N.Y. Sept. 11, 2023) (same); *Lettieri v. Dep't of Just.*, Case No. 23-cv-866, Docket Item 3 (W.D.N.Y. Sept. 19, 2023) (dismissing complaint due to prosecutorial immunity). [3] Because the Second Circuit has held that dismissals based on immunity count as "strikes," *see Mills*, 645 F.3d at 177; *Collazo*, 656 F.3d at 134, Lettieri has accumulated three strikes under 28 U.S.C. § 1915(g). [4]

For that reason, Lettieri cannot proceed IFP unless he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Malik*, 293 F.3d at 562. But his complaint does not even suggest that is the case. Instead, his complaint alleges an injury in connection with his criminal trial, which ended months ago. [5] Therefore, Lettieri is barred from proceeding IFP under section 1915.

## ORDER

**\*3** Lettieri's motion to proceed IFP, Docket Item 2, therefore is DENIED. His motions for an immediate trial, Docket Item 3, and to add a defendant, Docket Item 4, likewise are DENIED without prejudice. If Lettieri wants to pursue this action, he must pay the $402.00 filing and administrative fees. If Lettieri fails to pay the full filing and administrative fees **within 30 days of the date of this order**, this case will be dismissed without prejudice without further order of the Court.

SO ORDERED.

**All Citations**

Slip Copy, 2023 WL 9421209

## Footnotes

[1]    On June 14, 2023, a jury found Lettieri guilty on one count of enticement of a minor in violation of 18 U.S.C. § 2422(b). *See United States v. Lettieri*, Case No. 21-cr-20, Docket Items 146, 150 (W.D.N.Y. June 14, 2023). In the complaint, Lettieri appears to focus on Bonanno's actions at the September 7, 2023, court proceeding addressing Lettieri's motions for acquittal and a new trial. *See id.*, Docket Item 166 (W.D.N.Y. Sept. 7, 2023).

[2]    The fee to file a civil action is $350.00. Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us. Effective December 1, 2020, this fee was increased to $52.00. *See* District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[3]    Those three cases are not the only ones filed by Lettieri that have been dismissed for reasons that likely are "strikes." *See, e.g., Lettieri v. Daniels*, Case No. 23-cv-867, Docket Item 3 (W.D.N.Y. Oct. 16, 2023) (dismissing complaint for failure to state a claim); *Lettieri v. Auricchio*, Case No. 23-cv-875, Docket Item 3 (W.D.N.Y. Oct. 11, 2023) (same); *Lettieri v. Reynolds*, Case No. 23-cv-925, Docket Item 4 (W.D.N.Y. Oct. 17, 2023) (same); *Lettieri v. Dep't of Just.*, Case No. 23-cv-897, Docket Item 3 (W.D.N.Y. Oct. 10, 2023)

(dismissing complaint due to prosecutorial immunity). In fact, none of Lettieri's civil complaints that this Court has screened under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A have raised colorable claims. So Lettieri likely has many more than three strikes. But three are enough. 28 U.S.C. § 1915(g).

4    Three courts, including this one, have found that Lettieri has garnered three strikes under section 1915. *See Lettieri v. Vilardo*, Case No. 23-cv-6563 (W.D.N.Y Oct. 10, 2023) (Wolford, C.J.) (denying Lettieri's motion to proceed IFP under the three strikes rule); *Lettieri v. Broome Cnty. Humane Soc'y*, 2023 WL 7017081, at *2-3 (E.D.N.Y. Oct. 25, 2023) (Gonzalez, J.) (same); *Lettieri v. Hockwater*, Case No. 23-cv-1123, Docket Item 3 (W.D.N.Y. Nov. 13, 2023) (Vilardo, J.) (same).

5    Lettieri says that Bonanno "abused his position as an 'officer' of the [C]ourt by lying to a [j]udge [i]n the courtroom." Docket Item 1 at 9. He alleges that Bonanno knew or should have known that Lettieri's cell phone service provider was Verizon—not T-Mobile—and that saying otherwise during a court proceeding violated Lettieri's right to "[d]ue process." *Id.* at 8. Those assertions do not suggest that Lettieri was in any "imminent danger of serious physical injury" when he filed the complaint. *See* 28 U.S.C. § 1915(g).

---

**End of Document**                                                                 © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2023 WL 7017081
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

David Carmine LETTIERI, Plaintiff,

v.

The BROOME COUNTY HUMANE
SOCIETY, Department of Justice, and
Federal Bureau of Investigation, Defendants.
David Carmine Lettieri, Plaintiff,

v.

James Quinn Auricchio, Michael J. Roemer, Lawrence
Joseph Vilardo, and Paul E. Bonanno, Defendants.

23-CV-07777 (HG) (MMH), 23-CV-07830 (HG) (MMH)
|
Signed October 25, 2023

**Attorneys and Law Firms**

David Carmine Lettieri, Lockport, NY, Pro Se.

**MEMORANDUM & ORDER**

HECTOR GONZALEZ, United States District Judge:

**\*1** Plaintiff was convicted at trial earlier this year, in the
U.S. District Court for the Western District of New York,
for enticement of a minor in violation of 📄 18 U.S.C. §
2422(b) and is currently detained in a county jail located in
that district while awaiting sentencing. *See United States v.
Lettieri*, No. 21-cr-20, 2023 WL 6531514, at \*1 (W.D.N.Y.
Oct. 6, 2023) (denying plaintiff's post-trial motions for
judgment of acquittal or for a new trial). Based on the
Court's review of publicly available dockets in the Western
District, Plaintiff has filed nearly 50 civil cases, many of
which he has purportedly brought on an *in forma pauperis*
basis, seeking permission to commence those cases without
prepaying the district's filing fee. In response, the Western
District has commenced a miscellaneous proceeding in which
it has ordered Plaintiff to show cause why he should not be
prohibited from filing any new actions without paying the
applicable filing fees or submitting proper requests for *in
forma pauperis* status. *See In re David C. Lettieri*, No. 23-
mc-32 (W.D.N.Y. filed Sept. 5, 2023) (ECF No. 1).

Plaintiff has also filed two civil complaints in this District,
each of which is accompanied by a request to proceed
*in forma pauperis*. In the first of these cases, Plaintiff
purports to be acting as the administrator of the estate of
an apparently deceased relative and alleges that the Broome
County Humane Society unlawfully entered his relative's
home and took his relative's dog. *Lettieri v. The Broome
County Humane Society*, No. 23-cv-7777 (E.D.N.Y. filed
Oct. 10, 2023) (ECF No. 1). Although Plaintiff's complaint
in that case names as Defendants the U.S. Department of
Justice and the Federal Bureau of Investigation, his complaint
makes no attempt to explain what role any employee of
those agencies—or any other federal employee—played in
the events giving rise to Plaintiff's purported claim against
the humane society. *Id.* In the second case, Plaintiff asserts
claims for damages against the district judge and magistrate
judge who presided over his criminal proceedings in the
Western District, along with an Assistant U.S. Attorney who
participated in the case and one of Plaintiff's own defense
attorneys. *Lettieri v. Quinn*, No. 23-cv-7830 (E.D.N.Y. filed
Oct. 16, 2023) (ECF No. 1). The basis for Plaintiff's damages
claim is unclear, but he appears to assert that the facts alleged
in the indictment against him were sufficiently different from
the facts presented at trial, such that the Court should infer that
the Government committed some kind of misconduct before
the grand jury. *Id.*

The statute that authorizes plaintiffs to receive *in forma
pauperis* status also contains a prohibition, commonly known
as the "three strikes rule," that provides:

> In no event shall a prisoner bring a
> civil action or appeal a judgment in a
> civil action or proceeding under this
> section if the prisoner has, on 3 or more
> prior occasions, while incarcerated
> or detained in any facility, brought
> an action or appeal in a court of
> the United States that was dismissed
> on the grounds that it is frivolous,
> malicious, or fails to state a claim upon
> which relief may be granted, unless the
> prisoner is under imminent danger of
> serious physical injury.

**\*2** 🚩 28 U.S.C. § 1915(g). Dismissing the complaint is the proper remedy when a plaintiff seeks *in forma pauperis* status but is ineligible to receive such status under 🚩 28 U.S.C. § 1915(g). *See Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023) ("The district court correctly concluded that [the plaintiff] was barred by the [Prison Litigation Reform Act's] three strikes provision from proceeding [*in forma pauperis*], and, therefore, properly dismissed his complaint."). [1] A district court need not hold an incarcerated plaintiff's lawsuit "in abeyance until he is able to pay the filing fees," so long as the dismissal is "without prejudice to [the plaintiff's] right to file new actions with payment of the filing fees." *Akassy v. Hardy*, 887 F.3d 91, 98 (2d Cir. 2018) (holding that "the district court plainly ha[d] the authority to dismiss an action filed in contravention" of 🚩 28 U.S.C. § 1915(g) and did not "abuse [its] discretion" by dismissing plaintiff's case without prejudice).

Plaintiff falls within this prohibition because at least three of the cases that he has filed in the Western District on an *in forma pauperis* basis were dismissed *sua sponte* for failure to state a claim before Plaintiff commenced either of his two cases in this District. *See Lettieri v. W. Dist. of N.Y.*, No. 23-cv-770 (W.D.N.Y. Sept. 11, 2023) (ECF No. 7) (granting plaintiff *in forma pauperis* status but dismissing complaint based on alleged failure by clerk's office employees to mail case filings pursuant to " 🚩 28 U.S.C. §§ 1915(e)(2)(B) and 1915A on the basis of immunity"); *Lettieri v. U.S. Dep't of Justice*, No. 23-cv-866 (W.D.N.Y. Sept. 19, 2023) (ECF No. 3) (granting plaintiff *in forma pauperis* status but dismissing complaint against Assistant U.S. Attorney based on alleged violations of Federal Rules of Evidence at criminal trial "under 🚩 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)"); *Lettieri v. Vilardo*, No. 23-cv-6498 (W.D.N.Y. Sept. 21, 2023) (ECF No. 3) (granting plaintiff *in forma pauperis* status but dismissing complaint because judge who presided over plaintiff's criminal trial was immune from civil suit based on his decisions related to the parties' proposed jury instructions). Neither Plaintiff's complaints nor his applications for *in forma pauperis* status make any attempt to allege that he is in imminent danger of serious physical injury that would override the prohibition in 🚩 28 U.S.C. § 1915(g).

Dismissing Plaintiff's claims pursuant to the three-strikes rule in 🚩 28 U.S.C. § 1915(g) is procedurally proper even though Plaintiff's *in forma pauperis* applications are incomplete. The *in forma pauperis* statute only exempts incarcerated plaintiffs from prepaying the fee to commence a case and authorizes courts to collect the fee over time from a plaintiff's prison account even if a court grants *in forma pauperis* status. *See* 🚩 28 U.S.C. § 1915(b). To facilitate this collection process, the Second Circuit has required incarcerated plaintiffs seeking *in forma pauperis* status to file a signed form authorizing such collection "before making any assessment of whether an appeal should be dismissed as frivolous, pursuant to 🚩 28 U.S.C. § 1915(e)(2)(B)(i)." *Leonard v. Lacy*, 88 F.3d 181, 182 (2d Cir. 1996). Although Plaintiff has provided the Court with information about the balance of his account maintained by the facility where he is incarcerated, he has not provided the form authorizing the Court to collect money from that account. However, even though Plaintiff's failure to provide the authorization form arguably precludes the Court from screening the merits of his claims, pursuant to 🚩 28 U.S.C. § 1915(e), it does not preclude the Court from dismissing Plaintiff's claims without prejudice pursuant to 🚩 28 U.S.C. § 1915(g). Such a dismissal denies Plaintiff *in forma pauperis* status without assessing the merits of his claims, requires him to pay the filing fee upfront, and does not trigger the process by which the Court may collect the filing fee in installments from Plaintiff's prison account. *See Meyers v. Birdsong*, ⸺ F.4th ⸺, 2023 WL 6614357, at \*3 (9th Cir. 2023) (holding that " 🚩 § 1915(b) neither permits nor requires the collection of fees" from a prisoner who seeks *in forma pauperis* status but whose request is denied pursuant to 🚩 28 U.S.C. § 1915(g)); *Smith v. Dist. of Columbia*, 182 F.3d 25, 29–30 (D.C. Cir. 1999) (holding that prisoner whose request for *in forma pauperis* status was denied pursuant to 🚩 28 U.S.C. § 1915(g) was not required to pay filing fee out of prison account).

**\*3** Finally, if Plaintiff attempts to re-file these cases, even if he were to pay the necessary filing fees, any such cases filed in this District would almost certainly be dismissed for lack of venue. Generally, a case must be filed in a judicial district where at least one defendant resides or in a judicial district where the facts giving rise to the claim occurred. *See* 🚩 28 U.S.C. § 1391(b). Accordingly, the appropriate venue for Plaintiff's claims against the Defendants involved in his

criminal trial is the Western District of New York, and the appropriate venue for his claims against the Broome County Humane Society is the Northern District of New York. *See* 28 U.S.C. § 112(a) (defining the Northern District of New York to include Broome County).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's applications to proceed *in forma pauperis* are denied, and these cases are dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is respectfully directed to enter separate judgments, to close each case, and to mail copies of this order and the forthcoming judgments to Plaintiff. The Clerk of Court is further directed to mail a copy of this order to the Clerk of Court for the Western District of New York.

If Plaintiff wishes to reassert his claims, he must file new actions in a district court where venue is proper and pay the $402.00 filing fee for each case to the Clerk of Court for that district. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

**All Citations**

Slip Copy, 2023 WL 7017081

## Footnotes

1    Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

2023 WL 8003478
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

David Carmine LETTIERI, Plaintiff,

v.

The BROOME COUNTY HUMANE
SOCIETY, Department of Justice, and
Federal Bureau of Investigation, Defendants.

David Carmine Lettieri, Plaintiff,

v.

James Quinn Auricchio, Michael J. Roemer, Lawrence
Joseph Vilardo, and Paul E. Bonanno, Defendants.

23-CV-07777 (HG) (MMH), 23-CV-07830 (HG) (MMH)
|
Signed November 17, 2023

**Attorneys and Law Firms**

David Carmine Lettieri, Lockport, NY, Pro Se.

### MEMORANDUM & ORDER

HECTOR GONZALEZ, United States District Judge:

**\*1** The Court previously dismissed without prejudice these
two lawsuits filed by Plaintiff, who is incarcerated in a county
jail in the Western District of New York while awaiting
sentencing for a conviction of enticement of a minor in
violation of 18 U.S.C. § 2422(b). *See United States v.
Lettieri*, No. 21-cr-20, 2023 WL 6531514, at \*1 (W.D.N.Y.
Oct. 6, 2023) (denying plaintiff's post-trial motions for
judgment of acquittal or for a new trial). The Court dismissed
both of these cases, pursuant to the three-strikes rule in 28
U.S.C. § 1915(g), because Plaintiff sought *in forma pauperis*
status but had already brought three lawsuits that had been
dismissed *sua sponte* as frivolous or for failure to state a
claim. Plaintiff has responded by filing, in both cases, motions
for reconsideration and, alternatively, notices of appeal.

The Court denies Plaintiff's motions for reconsideration.
Plaintiff incorrectly argues that the prison mailbox rule
means that each of these two cases was deemed filed before
he received the third dismissal relied upon by the Court
to invoke the three-strikes rule. But when Plaintiff signed
each of the complaints in these two cases, he dated them

September 25 and 26, respectively, so those are the earliest
dates that he could have delivered them to the authorities
where he is incarcerated to be mailed to the Court. The
latest of the dismissals in Plaintiff's prior cases relied upon
by the Court—*i.e.*, his third strike—came in a decision
dated September 21, 2023, and a judgment was entered the
same day. Therefore, Plaintiff had accumulated three strikes
before he delivered either of his complaints in these two
cases to authorities at the facility where he is incarcerated.
Plaintiff's confidence that at least one of those decisions will
be overturned on appeal does not prevent him from having
accumulated three strikes. The Supreme Court has held that,
when counting whether a plaintiff has received three strikes,
"the courts must count [a] dismissal even though it remains
pending on appeal." *Coleman v. Tollefson*, 575 U.S. 532,
534 (2015). Plaintiff has not cured his ineligibility for *in
forma pauperis* status by paying the Court's filing fee, so the
Court's dismissal of these two cases based on the three-strikes
rule still stands.

In each motion for reconsideration, Plaintiff attempts to argue
why venue would be proper in this District. For example, he
argues that the dog that the Broome County Humane Society
allegedly stole from a relative at a location in the Northern
District of New York previously lived most of its life in
Queens County. He also asserts that the judges and attorneys
involved with his criminal trial in the Western District of New
York were part of a wide-ranging "RICO conspiracy," but he
provides no explanation as to how some aspect of that alleged
conspiracy supposedly took place in this District. The Court
does not find either of these two venue arguments to be valid.
But even if Plaintiff's attempts to demonstrate proper venue
in this District were successful, the Court still would not
reconsider the dismissal of Plaintiff's cases because showing
that venue is proper would not fix Plaintiff's ineligibility for
*in forma pauperis* status and his failure to pay the filing fees
to commence these two cases.

### CONCLUSION

**\*2** For the reasons set forth above, Plaintiff's motions for
reconsideration are denied. Plaintiff's cases remain dismissed
without prejudice pursuant to 28 U.S.C. § 1915(g). The
Clerk of Court is respectfully directed to mail a copy of
this order to Plaintiff. Since Plaintiff filed notices of appeal
concurrently with his motions for reconsideration, those
notices of appeal become effective as of the date of this

order denying the motions. *See* Fed. R. App. P. 4(a)(4)(B) (i). However, Plaintiff must either pay the $505.00 appellate filing fee for each case or obtain from the Second Circuit leave to appeal *in forma pauperis* because the Court reiterates its prior holding that any appeals from the Court's prior dismissal order, or this order denying Plaintiff's motions for reconsideration, would not be taken in good faith, and the Court therefore denies *in forma pauperis* status for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Alternatively, since the Court's

dismissal of these cases is without prejudice, Plaintiff may commence these lawsuits by filing new complaints in a district where venue would be proper and by paying that district's filing fee.

SO ORDERED.

**All Citations**

Slip Copy, 2023 WL 8003478

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

 © 2024 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Blue Flag – Appeal Notification

Appeal Filed by *Lettieri v. The Broome County Humane Society,* 2nd Cir., December 27, 2023

2023 WL 9066861
Only the Westlaw citation is currently available.
United States District Court, W.D. New York.

David C. LETTIERI, Plaintiff,

v.

The BROOME COUNTY HUMANE

SOCIETY, et al.,[1] Defendant.

23-CV-1223-LJV
|
Signed December 4, 2023

**Attorneys and Law Firms**

David C. Lettieri, Youngstown, OH, Pro Se.

ORDER

LAWRENCE J. VILARDO, UNITED STATES DISTRICT JUDGE

**\*1** The *pro se* plaintiff, David C. Lettieri, was a prisoner incarcerated at the Niagara County Jail when he commenced this action under 42 U.S.C. § 1983. Docket Item 1. He asserts claims for "unlawful search and se[iz]ure," "excessive force," and violation of his right to "[d]ue process." *Id.* at 5.

Lettieri has moved to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)-(b). Docket Item 2. For the reasons that follow, Lettieri's motion to proceed IFP is denied. Therefore, his complaint will be dismissed without prejudice unless he pays the required $402.00 filing and administrative fees.[2]

**LEGAL PRINCIPLES**

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, a prisoner who cannot afford to pay court filing fees may proceed IFP and repay the fees according to a "structured payment plan." *Chavis v.*

*Chappius,* 618 F.3d 162, 167 (2d Cir. 2010); 28 U.S.C. § 1915(a)-(b). But certain prisoners—"so-called 'frequent filers' "—are barred from filing IFP. *Chavis,* 618 F.3d at 167. The statute defines such litigants as those who have,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Courts refer to this provision as the "three strikes rule." *Malik v. McGinnis,* 293 F.3d 559, 560 (2d Cir. 2002). Claims dismissed because of judicial or prosecutorial immunity are "frivolous" and therefore "strikes" under 28 U.S.C. § 1915(g). *See Mills v. Fischer,* 645 F.3d 176, 177 (2d Cir. 2011) (judicial immunity); *Collazo v. Pagano,* 656 F.3d 131, 134 (2d Cir. 2011) (prosecutorial immunity). Likewise, any dismissal for failure to state a claim is a "strike" regardless of whether the dismissal was with or without prejudice. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1727 (2020).

A prisoner who has accumulated "three strikes" may proceed IFP only if the complaint alleges that "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A danger that has "dissipated by the time [the] complaint is filed" is not "imminent." *Abreu v. Brown,* 317 F. Supp. 3d 702, 704 (W.D.N.Y. 2018) (quoting *Chavis,* 618 F.3d at 169); *see Malik,* 293 F.3d at 563 (holding that "by using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred" (alteration omitted)). So to be entitled to the exception, the prisoner must adequately allege a danger that "exist[s] at the time the complaint is filed." *Malik,* 293 F.3d at 563.

## DISCUSSION

**\*2**  The three strikes rule squarely applies here. In addition to this case, Lettieri has filed more than 50 actions in this Court in the past year. *See Lettieri v. Dep't of Just.*, Case. No. 23-cv-865, Docket Item 3, at 1 n.1 (W.D.N.Y. Oct. 19, 2023). At least three of those cases were dismissed because the defendants were immune from suit. *See Lettieri v. Vilardo*, Case No. 23-cv-6498, Docket Item 3 (W.D.N.Y. Sept. 21, 2023) (dismissing complaint due to judicial immunity); *Lettieri v. Western Dist. of New York*, Case No. 23-cv-770, Docket Item 7 (W.D.N.Y. Sept. 11, 2023) (same); *Lettieri v. Dep't of Just.*, Case No. 23-cv-866, Docket Item 3 (W.D.N.Y. Sept. 19, 2023) (dismissing complaint due to prosecutorial immunity).[3]  Because the Second Circuit has held that dismissals based on immunity count as "strikes," *see Mills, 645 F.3d at 177; Collazo, 656 F.3d at 134*, Lettieri has accumulated three strikes under 28 U.S.C. § 1915(g).[4]

For that reason, Lettieri cannot proceed IFP unless he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Malik, 293 F.3d at 562*. But no reading of the complaint could suggest that is the case.[5]  Therefore, Lettieri is barred from proceeding IFP under section 1915.

## ORDER

Lettieri's motion to proceed IFP, Docket Item 2, therefore is DENIED. If Lettieri wants to pursue this action, he must pay the $402.00 filing and administrative fees. If Lettieri fails to pay the full filing and administrative fees **within 30 days of the date of this order**, this case will be dismissed without prejudice without further order of the Court.

SO ORDERED.

## All Citations

Slip Copy, 2023 WL 9066861

## Footnotes

1    The complaint—and thus the official case caption—names "The Broome County Humane" instead of "The Broome County Humane Society," which is the entity that Lettieri seems to intend to sue. Docket Item 1 at 1, 5. The Clerk of the Court shall correct the caption accordingly. The other defendants named are the Department of Justice and the Federal Bureau of Investigation ("FBI"). *Id.*

2    The fee to file a civil action is $350.00. Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us.

     Effective December 1, 2020, this fee was increased to $52.00. *See* District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

3    Those three cases are not the only ones filed by Lettieri that have been dismissed for reasons that likely are "strikes." *See, e.g., Lettieri v. Daniels*, Case No. 23-cv-867, Docket Item 3 (W.D.N.Y. Oct. 16, 2023) (dismissing complaint for failure to state a claim); *Lettieri v. Auricchio*, Case No. 23-cv-875, Docket Item 3 (W.D.N.Y. Oct. 11, 2023) (same); *Lettieri v. Reynolds*, Case No. 23-cv-925, Docket Item 4 (W.D.N.Y. Oct. 17, 2023) (same); *Lettieri v. Dep't of Just.*, Case No. 23-cv-897, Docket Item 3 (W.D.N.Y. Oct. 10, 2023) (dismissing complaint due to prosecutorial immunity). In fact, none of Lettieri's civil complaints that this Court

has screened under ⚑ 28 U.S.C. §§ 1915(e)(2)(b) and 1915A have raised colorable claims. So Lettieri likely has many more than three strikes. But three are enough. ⚑ 28 U.S.C. § 1915(g).

4    Three courts, including this one, have found that Lettieri has garnered three strikes under ⚑ section 1915. *See Lettieri v. Vilardo*, Case No. 23-cv-6563 (W.D.N. Y Oct. 10, 2023) (Wolford, C.J.) (denying Lettieri's motion to proceed IFP under the three strikes rule); *Lettieri v. Broome Cnty. Humane Soc'y*, 2023 WL 7017081, at *2-3 (E.D.N.Y. Oct. 25, 2023) (Gonzalez, J.) (same); *Lettieri v. Hockwater*, Case No. 23-cv-1123, Docket Item 3 (W.D.N.Y. Nov. 13, 2023) (Vilardo, J.) (same).

5    Lettieri alleges that "[t]he FBI [l]et the Broome County Humane Society [break] [i]nto [his] [h]ouse and take whatever they wanted," including "a rat." Docket Item 1 at 5. He then alleges that "they" are "trying to extort money [f]or [i]llegal[ly] tak[ing] care of the [r]at," although he does not clarify who "they" are. *Id.* Although it is difficult to understand the complaint in places, no part of it suggests that Lettieri was in any "imminent danger of serious physical injury" at the time of filing. ⚑ 28 U.S.C. § 1915(g).

---

**End of Document**                                        © 2024 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Blue Flag – Appeal Notification
Appeal Filed by  Lettieri v. Auricchio,  2nd Cir.,  December 27, 2023

2023 WL 9066873
Only the Westlaw citation is currently available.
United States District Court, W.D. New York.

David C. LETTIERI, Plaintiff,
v.
James Quinn AURICCHIO, [1] Defendant.

23-CV-1121-LJV
|
Signed December 4, 2023

**Attorneys and Law Firms**

David C. Lettieri, Lockport, NY, Pro Se.

ORDER

LAWRENCE J. VILARDO, UNITED STATES DISTRICT JUDGE

 **\*1**  The *pro se* plaintiff, David C. Lettieri, was a prisoner incarcerated at the Niagara County Jail when he commenced this action under  42 U.S.C. § 1983. Docket Item 1. He alleges that his former defense attorney, James Quinn Auricchio, violated his right to due process and provided ineffective assistance of counsel. [2] Docket Item 1 at 5.

Lettieri has moved to proceed *in forma pauperis* ("IFP") under  28 U.S.C. § 1915(a)- (b). Docket Item 2. For the reasons that follow, Lettieri's motion to proceed IFP is denied. Therefore, his complaint will be dismissed without prejudice unless he pays the required $402.00 filing and administrative fees. [3]

**LEGAL PRINCIPLES**

Under  28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, a prisoner who cannot afford to pay court filing fees may proceed IFP and repay the fees according to a "structured payment plan." *Chavis v.*

*Chappius*, 618 F.3d 162, 167 (2d Cir. 2010);  28 U.S.C. § 1915(a)- (b). But certain prisoners—"so-called 'frequent filers' "—are barred from filing IFP.  *Chavis*, 618 F.3d at 167. The statute defines such litigants as those who have,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

 28 U.S.C. § 1915(g).

Courts refer to this provision as the "three strikes rule." *Malik v. McGinnis*, 293 F.3d 559, 560 (2d Cir. 2002). Claims dismissed because of judicial or prosecutorial immunity are "frivolous" and therefore "strikes" under  28 U.S.C. § 1915(g). See  *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (judicial immunity); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (prosecutorial immunity). Likewise, any dismissal for failure to state a claim is a "strike" regardless of whether the dismissal was with or without prejudice. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

 **\*2**  A prisoner who has accumulated "three strikes" may proceed IFP only if the complaint alleges that "the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). A danger that has "dissipated by the time [the] complaint is filed" is not "imminent." *Abreu v. Brown*, 317 F. Supp. 3d 702, 704 (W.D.N.Y. 2018) (quoting  *Chavis*, 618 F.3d at 169); *see Malik*, 293 F.3d at 563 (holding that "by using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred" (alteration omitted)). So to be entitled to the exception, the prisoner must adequately allege a danger that "exist[s] at the time the complaint is filed." *Malik*, 293 F.3d at 563.

## DISCUSSION

The three strikes rule squarely applies here. In addition to this case, Lettieri has filed more than 50 actions in this Court in the past year. *See Lettieri v. Dep't of Just.*, Case. No. 23-cv-865, Docket Item 3, at 1 n.1 (W.D.N.Y. Oct. 19, 2023). At least three of those cases were dismissed because the defendants were immune from suit. *See Lettieri v. Vilardo*, Case No. 23-cv-6498, Docket Item 3 (W.D.N.Y. Sept. 21, 2023) (dismissing complaint due to judicial immunity); *Lettieri v. Western Dist. of New York*, Case No. 23-cv-770, Docket Item 7 (W.D.N.Y. Sept. 11, 2023) (same); *Lettieri v. Dep't of Just.*, Case No. 23-cv-866, Docket Item 3 (W.D.N.Y. Sept. 19, 2023) (dismissing complaint due to prosecutorial immunity). [4] Because the Second Circuit has held that dismissals based on immunity count as "strikes," *see Mills, 645 F.3d at 177; Collazo, 656 F.3d at 134*, Lettieri has accumulated three strikes under 28 U.S.C. § 1915(g). [5]

For that reason, Lettieri cannot proceed IFP unless he faces "imminent danger of serious physical injury." 28 U.S.C. §

1915(g); *see also Malik, 293 F.3d at 562*. But his complaint does not even suggest that is the case. Instead, his complaint alleges an injury in connection with his criminal trial, which ended months ago. [6] Therefore, Lettieri is barred from proceeding IFP under section 1915.

## ORDER

**\*3** Lettieri's motion to proceed IFP, Docket Item 2, therefore is DENIED. If Lettieri wants to pursue this action, he must pay the $402.00 filing and administrative fees. If Lettieri fails to pay the full filing and administrative fees **within 30 days of the date of this order**, this case will be dismissed without prejudice without further order of the Court.

SO ORDERED.

**All Citations**

Slip Copy, 2023 WL 9066873

## Footnotes

1    Lettieri's complaint, and thus the official case caption, misspelled Auricchio's name, which appears correctly here. The Clerk of the Court shall correct the caption accordingly.

2    On June 14, 2023, a jury found Lettieri guilty on one count of enticement of a minor in violation of 18 U.S.C. § 2422(b). *See United States v. Lettieri*, Case No. 21-cr-20, Docket Items 146, 150 (W.D.N.Y. June 14, 2023). Auricchio represented Lettieri in this case from April 15, 2021, *see id.*, Docket Item 17 (W.D.N.Y. Apr. 15, 2021), until March 3, 2022, *id.*, Docket Item 38 (W.D.N.Y. Mar. 3, 2022).

3    The fee to file a civil action is $350.00. Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us. Effective December 1, 2020, this fee was increased to $52.00. *See* District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

4    Those three cases are not the only ones filed by Lettieri that have been dismissed for reasons that likely are "strikes." *See, e.g., Lettieri v. Daniels*, Case No. 23-cv-867, Docket Item 3 (W.D.N.Y. Oct. 16, 2023) (dismissing complaint for failure to state a claim); *Lettieri v. Auricchio*, Case No. 23-cv-875, Docket Item 3 (W.D.N.Y. Oct. 11, 2023) (same); *Lettieri v. Reynolds*, Case No. 23-cv-925, Docket Item 4 (W.D.N.Y. Oct. 17, 2023) (same); *Lettieri v. Dep't of Just.*, Case No. 23-cv-897, Docket Item 3 (W.D.N.Y. Oct. 10, 2023) (dismissing complaint due to prosecutorial immunity). In fact, none of Lettieri's civil complaints that this Court

has screened under ⚑ 28 U.S.C. §§ 1915(e)(2)(b) and 1915A have raised colorable claims. So Lettieri likely has many more than three strikes. But three are enough. ⚑ 28 U.S.C. § 1915(g).

5    Three courts, including this one, have found that Lettieri has garnered three strikes under ⚑ section 1915. *See Lettieri v. Vilardo*, Case No. 23-cv-6563, Docket Item 3 (W.D.N.Y. Oct. 10, 2023) (Wolford, C.J.) (denying Lettieri's motion to proceed IFP under the three strikes rule); *Lettieri v. Broome Cnty. Humane Soc'y*, 2023 WL 7017081, at *2-3 (E.D.N.Y. Oct. 25, 2023) (Gonzalez, J.) (same); *Lettieri v. Hockwater*, Case No. 23-cv-1123, Docket Item 3 (W.D.N.Y. Nov. 13, 2023) (Vilardo, J.) (same).

6    Lettieri sues Auricchio for violation of his due process rights and for ineffective assistance of counsel. Docket Item 1 at 5. He alleges that he was shown an "affidavit" that was purportedly signed by him but that he "[d]id not sign anything and can prove that the signature was [f]orged." *Id.* at 8. He argues that this "show[s]" that Auricchio "committed a crime." *Id.* Those assertions do not suggest that Lettieri was in any "imminent danger of serious physical injury" when he filed the complaint. *See* ⚑ 28 U.S.C. § 1915(g).

---

**End of Document**                                        © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 4700902
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

David CARTER, Plaintiff,
v.
NEW YORK STATE; C.O. Morges, Downstate
Correctional Facility; C.O. Melendez,
Downstate Correctional Facility, Defendants.

20-CV-5955 (CM)
|
Signed 08/12/2020

**Attorneys and Law Firms**

David Carter, East Elmhurst, NY, pro se.

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

**\*1** Plaintiff, currently detained at the George R. Vierno Center in the custody of the New York City Department of Correction (DOC), filed this action *pro se* in the United States District Court for the Northern District of New York, which transferred it here. Plaintiff seeks to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Carter v. New York City John Doe Corr. Officer*, ECF 1:16-CV-3466, 6 (S.D.N.Y. Aug. 25, 2016). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[A] prisoner can proceed IFP even after incurring three strikes if his complaint alleges an 'imminent danger of serious physical injury.' " *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (quoting 28 U.S.C. § 1915(g)). Moreover, courts "should not make an overly detailed inquiry into whether the allegations qualify for the exception" because § 1915(g) "concerns only a threshold procedural question" about when payment for the filing fee is to be made. *Id.* Plaintiff alleges that on May 14, 2019, Correction Officer Morges deliberately pushed him down a stairwell at Great Meadow Correctional Facility. Correction Officer Melendez then allegedly helped Correction Officer Morges further physically assault Plaintiff at the bottom of the stairwell.[1]

In considering whether a prisoner's complaint falls within the imminent danger exception, "it is not sufficient to allege that 'harms ... had already occurred' " before the complaint was filed. *Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018); *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) ("[A] three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed."). But allegations of past violence can satisfy the imminent danger exception when, for example, the past harms are part of an ongoing pattern of acts. *Chavis*, 618 F.3d at 170.

Plaintiff's allegations that he suffered a past assault while incarcerated at Downstate Correctional Facility do not suggest that he currently faces an imminent danger. Plaintiff was incarcerated at Great Meadow Correctional Facility when he filed this complaint in the United States District Court Northern District of New York, and he is currently detained at GRVC in DOC custody. Plaintiff makes no allegation suggesting that this May 2019 incident involving two correction officers at Downstate Correctional Facility is part of a continuing pattern of ongoing acts.

**\*2** The Court therefore denies Plaintiff's request to proceed IFP in this action because he is barred under § 1915(g) and the complaint does not show that he faces imminent danger. Plaintiff therefore must prepay the $350.00 filing fee to proceed with this action.

**Carter v. New York State, Not Reported in Fed. Supp. (2020)**

Case 3:24-cv-00156-LEK-ML    Document 5    Filed 03/14/24    Page 27 of 31

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 🚩 28 U.S.C. § 1915(g). [2] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury. [3] *Id.*

The Court certifies, pursuant to 🚩 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See* 🚩 *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 4700902

---

**Footnotes**

1    The Court previously dismissed Plaintiff's April 30, 2020 complaint, which appears to have brought claims arising from the same incident at Downstate Correctional Facility. *See Carter v. Morges*, No. 20-CV-3367 (CM) (S.D.N.Y. May 18, 2020).

2    Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

3    The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

---

**End of Document**                                                                 © 2024 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Blue Flag – Appeal Notification

Appeal Filed by  Lettieri v. Bonanno,  2nd Cir.,  January 5, 2024

2023 WL 9184676

Only the Westlaw citation is currently available.

United States District Court, W.D. New York.

David C. LETTIERI, Plaintiff,

v.

Paul E. BONANNO, Hon. Lawrence

Joseph Vilardo, Defendants. [1]

6:23-CV-06515-EAW

|

Signed December 18, 2023

**Attorneys and Law Firms**

David C. Lettieri, Lockport, NY, Pro Se.

### ORDER

Elizabeth A. Wolford, Chief Judge

**\*1**  *Pro se* Plaintiff, David C. Lettieri ("Plaintiff"), is a prisoner who [2] was found guilty by a jury on June 14, 2023, of one count of enticement of a minor in violation of 18 U.S.C. § 2422(b), *United States v. Lettieri*, Case No. 1:21-cr-00020-LJV, Dkt. 146; Dkt. 150 (W.D.N.Y. June 14, 2023). He has not yet been sentenced.

In the present case, Plaintiff asserts claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"), [3] against one of the prosecutors in his criminal prosecution and Judge Vilardo, who is assigned to his criminal case and almost all the other 55 plus civil actions and habeas petitions Plaintiff has brought in this Court. (Dkt. 1 at 8-9). Plaintiff also seeks permission to proceed *in forma pauperis* ("IFP") (Dkt. 2), and has moved for order directing that Defendants undergo mental health examinations (Dkt. 6).

Because Plaintiff meets the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required authorization and certification (Dkt. 2), the Court grants the IFP

motion. [4]  Therefore, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court screens the complaint. For the reasons that follow, Plaintiff's complaint is dismissed with prejudice under §§ 1915(e)(2)(B) and 1915A(b).

### DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the complaint (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

**\*2**  Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639; *see also* *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999))). But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

### I. THE COMPLAINT

In evaluating a complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007));

*see also* Boykin v. Keycorp, 521 F.3d 202, 216 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

Plaintiff has sued Assistant United States Attorney Paul Bonanno ("Bonanno") and Judge Vilardo. He alleges that, at a hearing in his criminal prosecution held on September 13, 2023, Bonanno "admitted" to United States Magistrate Judge Michael J. Roemer that the online social media account of "Leaf Liate"[5] was "fake[d]" ... by the government" in order to obtain revocation of Plaintiff's bail. (Dkt. 1 at 8).[6] Plaintiff further claims that Bonanno "may not be mental[ly] stable" because in his memorandum, Bonanno claimed "that the person still exists and it would ... be proven at trial in the evidence." (*Id.*). On the day of jury selection, Plaintiff finally saw the "Jen[c]k[s] 3500 material,"[7] which showed "at five to ten documents [and a] government agent stat[ing]" that "there wasn't going to be any proof at trial in which there wasn't." (*Id.*).

Plaintiff also alleges that Judge Vilardo refused to convert a habeas corpus petition Plaintiff filed under 28 U.S.C. § 2241 to a civil action under 42 U.S.C. § 1983, *see Lettieri v. Reynolds*, Case No. 1:22-cv-00926-LJV, Dkt. 20 (W.D.N.Y. Aug. 2, 2023), and that Judge Vilardo has denied "every lawsuit" that Plaintiff has filed because Plaintiff has not complied with the statutory IFP "requirements," (Dkt. 1 at 8-9).

Plaintiff seeks monetary damages only. (*Id.* at 6).

## II. ABSOLUTE JUDICIAL AND PROSECUTORIAL IMMUNITY
Plaintiff's claims are barred by the doctrines of absolute judicial and prosecutorial immunity.

### 1. Judicial Immunity

**\*3** Judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See, e.g.*, Mireles v. Waco, 502 U.S. 9, 12 (1991). "Such judicial immunity is conferred in order to insure 'that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)). "Thus, even allegations of bad faith or malice cannot overcome judicial immunity." *Id.*

Indeed, a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quotation omitted); *see also* Maestri v. Jutkofsky, 860 F.2d 50 (2d Cir. 1988) (finding no immunity where town justice issued arrest warrant for conduct which took place within neither his town nor an adjacent town, thereby acting in the absence of all jurisdiction). A judge is immune for actions performed in his judicial capacity. *C.f.* Gregory v. Thompson, 500 F.2d 59, 62 (9th Cir. 1974) (finding no immunity where judge assaulted litigant).

Here, Plaintiff alleges that Judge Vilardo refused to convert a habeas petition to a civil action under § 1983 and has denied "every" lawsuit he has filed because Plaintiff has not complied with the requirements for proceeding IFP. Judge Vilardo has administratively closed many of Plaintiff's civil actions because Plaintiff did not pay the filing and administrative fees or submit a complete IFP motion that included a prison certification, *see* 28 U.S.C. § 1915(a)(2), and a prison authorization, *see* 28 U.S.C. § 1915(b)(1)-(4). *See* 23-mc-32 (ordering Plaintiff to show cause why he should not be prohibited from filing cases in this District without prepaying the filing and administrative fees ($402.00), *see* 28 U.S.C. § 1914(a), or submitting a complete IFP motion).[8]

Plaintiff makes no allegation that Judge Vilardo acted in the clear absence of all jurisdiction. He complains precisely of actions Judge Vilardo performed in his judicial capacity. Therefore, absolute judicial immunity bars Plaintiff's claims against Judge Vilardo and Plaintiff claims against Judge Vilardo are dismissed with prejudice.

**2. Absolute Prosecutorial Immunity**

In addition to judges, prosecutors performing traditional prosecutorial activities are given absolute immunity in § 1983 suits and *Bivens* suits. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). "The absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation...." *Barrett v. United States*, 798 F.2d 565, 571-72 (2d Cir. 1986); *see also Bouchard v. Olmsted*, 775 F. App'x 701, 703-04 (2d Cir. 2019) (summary order) (determining that federal prosecutors were immune from *Bivens* claims); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) ("[A]bsolute immunity protects a prosecutor from [civil] liability for virtually all acts, regardless of motivation, associated with his function as an advocate.").

**\*4** As best the Court can discern, Plaintiff claims that Bonanno made certain arguments or statements at a hearing in Plaintiff's criminal prosecution regarding the existence of an individual's online account and later presented a memorandum to the Court contradicting those arguments or statements. (Dkt. 1 at 8). Bonanno's actions were performed within his role as an advocate and were clearly associated within the conduct of litigation or potential litigation of Plaintiff's criminal charges. Therefore, Bonanno is entitled to absolute prosecutorial immunity from Plaintiff's claims and Plaintiff's claims against Bonanno are dismissed with prejudice.

**III. LEAVE TO AMEND**

The Second Circuit has advised that a *pro se* complaint should not be dismissed without an opportunity to amend unless such amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 122 (2d Cir. 2000). The Court has considered whether to grant Plaintiff leave to amend but finds that because the defects in Plaintiff's complaint are substantive, "better pleading will not cure [them]." *Id.* (affirming denial of leave to amend because claims futile).

Accordingly, Plaintiff's complaint is dismissed with prejudice. [9]

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's IFP Motion (Dkt. 2), and dismisses Plaintiff's complaint with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). Plaintiff's motion for an order directing that Defendants undergo mental health examinations (Dkt. 6) is denied as moot.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Any request to proceed on appeal in forma pauperis should be directed on motion to the United States Court of Appeals for the Second Circuity in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

**All Citations**

Slip Copy, 2023 WL 9184676

---

## Footnotes

1   The Clerk of Court is directed to amend the caption of this action as set forth herein.

2   Since November 2022, Plaintiff has filed approximately 60 civil actions and petitions in this Court. Judge Vilardo recently found that Plaintiff has engaged in a pattern of abuse of the judicial process, *In re: David C. Lettieri*, Case No. 1:23-mc-32, Dkt. 1 (W.D.N.Y. Sept. 5, 2023) ("23-mc-32"), and should be sanctioned based on his vexatious litigation history, *id.* at Dkt. 11. Plaintiff was directed to show cause why he should

not be precluded from filing any further actions in this Court for one year without first obtaining permission from the Court. *Id.* at Dkt. 11.

3    Because Plaintiff brings constitutional claims against a federal official, the Court construes his claims as brought under *Bivens. See Tavarez v. Reno,* 54 F.3d 109, 109-10 (2d Cir. 1995) ("Although Tavarez brought the action under § 1983, the district court properly construed the complaint as an action under" *Bivens.*).

4    Following the filing of this action, this Court found that Plaintiff had garnered three strikes under 28 U.S.C. § 1915(g) and, therefore, could not proceed IFP without showing that he is under "imminent danger of serious physical injury." *See Lettieri v. Vilardo,* Case No. 6:23-cv-06563-EAW, Dkt. 3 (W.D.N.Y. Oct. 10, 2023).

5    The spelling of this name is not clear.

6    Because the complaint is confusing, the Court quotes directly from it where appropriate.

7    *See* Jencks Act, 18 U.S.C. § 3500 (addressing timing of disclosure of statements of government witnesses).

8    *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,* 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal quotation marks omitted)).

9    The Supreme Court has cautioned that the *Bivens* remedy should rarely be extended to new contexts. *See Ziglar v. Abbasi,* 582 U.S. 120, 135-40 (2017). In light of Defendants' immunity, the Court finds that a *Bivens* analysis is unnecessary but notes that it would be highly unlikely that it would extend to the context at issue here.

---

**End of Document**                                                      © 2024 Thomson Reuters. No claim to original U.S. Government Works.