UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID C. LETTIERI,

                      Plaintiff,

   -against-                                  3:24-CV-156 (LEK/ML)

BROOME COUNTY SHERIFFS, *et al.*,

                      Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On January 31, 2024, Plaintiff David C. Lettieri filed a complaint alleging multiple civil rights violations against the Broome County Sheriff's Office, Detective Leon Brown, David Gaska, and Jenelle Briengal (collectively, "Defendants"). Dkt. No. 1 ("Complaint"). Plaintiff did not pay the filing fee and instead filed a motion to proceed in forma pauperis ("IFP"). Dkt. No. 2 ("IFP Motion"). The Honorable Miroslav Lovric, United States Magistrate Judge, reviewed the IFP Motion, ordered that it was denied, and recommended requiring Plaintiff to pay the filing fee if he wished to continue the case. Dkt. No. 5 ("Report and Recommendation"). Plaintiff filed objections to the Report and Recommendation. Dkt. No. 6 ("Objection").

For the reasons that follow, the Court adopts the Report and Recommendation.

**II.    BACKGROUND**

The Court assumes familiarity with the facts alleged in the Complaint as described by Judge Lovric in the Report and Recommendation. See R. & R. at 1–2.

Judge Lovric started his analysis by describing Plaintiff's IFP Motion and determined that the IFP Motion should be denied because Plaintiff had failed to complete the form and thus

1

had not demonstrated economic need. See R. & R. at 3. Judge Lovric then denied Plaintiff's IFP Motion with prejudice because of Plaintiff's frequent litigation in federal district court and resulting violation of the "three strikes" rule. See id. To support this determination, Judge Lovric cited to the eighty-six civil actions that Plaintiff has filed in federal court since 2022, as well as the warnings Plaintiff has received in other cases that he had accumulated multiple strikes. See id. at 3–7, 8 n.12. Judge Lovric reviewed these actions and reached the conclusion that, "as of the date that Plaintiff commenced this action, he had acquired at least three 'strikes.'" Id. at 8. Judge Lovric then determined that the "imminent danger" exception did not apply, since Plaintiff's allegations relate to false charges and thus "fail to plausibly suggest that Plaintiff was 'under imminent danger of serious physical injury' when he signed his complaint on January 9, 2023." Id. at 10. Accordingly, Judge Lovric ordered that the IFP Motion be denied and recommended that Plaintiff be required to pay filing and administrative fees if he wishes to proceed with this action. See id.

On March 27, 2024, Plaintiff filed objections to the Report and Recommendation. See Obj. In the Objections, Plaintiff argues that the dismissals Judge Lovric cited to were not strikes for the purposes of the "three strikes" rule and requests that the Court "redo an evaluation of the cases." Obj. at 1–2.

**III.    LEGAL STANDARD**

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1(b). "When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a 'de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made.'" <u>Walker v. Artus</u>, 998 F. Supp. 2d 18, 24 (N.D.N.Y. 2014) (citing 28 U.S.C. § 636(b)(1)). However, if no objections are made, a district court need only review a report and recommendation for clear error. See <u>DiPilato v. 7-Eleven, Inc.</u>, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." <u>Rivera v. Fed. Bureau of Prisons</u>, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (internal citations omitted). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV. DISCUSSION

When a plaintiff seeks leave to proceed IFP, a court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying administrative and filing fees. 28 U.S.C. § 1915. A plaintiff may not proceed IFP where they have had three or more cases brought "while incarcerated or detained in any facility" that were "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. § 1915(g). To qualify for the "imminent danger exception, the danger must be present when [the litigant] files his complaint—in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." <u>Pettus v. Morgenthau</u>, 554 F.3d 293, 296 (2d Cir. 2009). However, "allegations of past violence can satisfy the imminent danger exception when, for example, the past harms are part of an ongoing

pattern of acts." Carter v. New York State, No. 20-CV-5955, 2020 WL 4700902, at *1 (S.D.N.Y. Aug. 12, 2020) (citing Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010)).

Plaintiff does not object to the sections of the Report and Recommendation recommending dismissal because Plaintiff failed to demonstrate economic need or finding that Plaintiff has not alleged imminent danger. Accordingly, the Court reviews those sections for clear error. See DiPilato, 662 F. Supp. 2d at 339. Finding none, the Court approves and adopts those sections in their entirety.

Plaintiff does object to the portion of the Report and Recommendation finding that Plaintiff has accumulated three strikes. Accordingly, the Court reviews this section de novo. See Walker, 998 F. Supp. 2d at 24.

Plaintiff argues that the "three strikes" provision was incorrectly applied and therefore should not prevent him from proceeding IFP. See Obj. at 1. Specifically, Plaintiff argues that the cases cited to by Judge Lovric were mixed dismissals or are still pending and are thus not considered strikes for the purposes of Section 1915(g). See id. To support his claim, Plaintiff cites to the Second Circuit's recent decision in Cotton v. Noeth, which clarified which dismissals counted as strikes for the purposes of Section 1915(g). See id. (citing Cotton v. Noeth, 96 F.4th 249 (2d Cir. 2024)). In accordance with Cotton, mixed dismissals in which only some claims are adjudicated on the merits, dismissals with leave to amend where an amended complaint is never filed or not otherwise dismissed, and dismissals on the basis that an action is premature under Heck v. Humphrey[1] are not categorically considered strikes under Section 1915. See Cotton, 96 F.4th at 255–59.

---

[1] Heck v. Humphrey, 512 U.S. 477 (1994).

4

Judge Lovric refers to the following three cases as actions in which Plaintiff has acquired strikes: (1) Lettieri v. W. Dist. of N.Y., No. 23-CV-770 (W.D.N.Y. Sep. 11, 2023); (2) Lettieri v. U.S. Dep't of Justice, No. 23-CV-866 (W.D.N.Y. Sep. 19, 2023); and (3) Lettieri v. Vilardo, No. 23-CV-6498 (W.D.N.Y. Sep. 21, 2023)." R. & R. at 8 n.11. These cases were all dismissed for failure to state a claim upon which relief could be granted; none fit within the categories discussed in Cotton. See Lettieri v. W. Dist. of N.Y., No. 23-CV-770, Dkt. No. 7 (dismissing with prejudice on the basis of judicial immunity and denying leave to appeal)[2]; Lettieri v. U.S. Dep't of Justice, No. 23-CV-866, Dkt. No. 3 (dismissing with prejudice on the basis of prosecutorial immunity and denying leave to appeal); Lettieri v. Vilardo, No. 23-CV-6498, Dkt. No. 3 (dismissing without leave to amend on the basis of judicial immunity and denying leave to appeal). As such, the Court finds that Judge Lovric correctly determined that Plaintiff has accumulated three strikes for the purposes of Section 1915.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation is **APPROVED and ADOPTED in its entirety**; and it is further

---

[2] In his Objections, Plaintiff states that this case was dismissed without prejudice and cites to Dkt. No. 17 as support. However, that document states that Plaintiff's motion to amend his complaint to add a claim was denied without prejudice pending the resolution of his appeal. See No. 23-CV-770, Dkt. No. 17 at 4 ("Finally, Lettieri has moved to amend his complaint to add a claim for 'abuse of process.' That motion is denied without prejudice pending the resolution of Lettieri's appeal.") (internal citations omitted). The Court does not interpret this to upset the original dismissal with prejudice in this case. Even if it did, the Court notes that multiple other dismissals could constitute strikes under this rule. See Lettieri v. Bonanno, No. 23-CV-6515, Dkt. No. 7 (W.D.N.Y. Dec. 18, 2023) (dismissing with prejudice on the basis of judicial and prosecutorial immunity and denying leave to amend); Lettieri v. Broome County Humane Society, No. 23-CV-7777, 2023 WL 7017081, at *2 (E.D.N.Y. Oct. 25, 2023) (finding that Plaintiff Lettieri had accumulated three strikes for the purposes of section 1915) (citing cases).

**ORDERED**, that, should Plaintiff wish to proceed with this action, he must pay the $405.00 filing and administrative fees **within thirty (30) days** from the filing of this Memorandum-Decision and Order. If Plaintiff does not pay the full filing and administrative fees within that timeframe, this case will be **DISMISSED without prejudice** and without further order of the Court; and it is further

**ORDERED,** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 24, 2024
         Albany, New York

LAWRENCE E. KAHN
United States District Judge